The UNITED STATES of America, Plaintiff,

v.

**PANAMA CITY PORT AUTHOR- ITY et al., Defendants.**

**Civ. A. No. 872.**

United States District Court,
N. D. Florida,
Marianna Division.

Aug. 29, 1972.

Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff.

Rowlett W. Bryant, Panama City, Fla., for defendants Panama City Port

Authority and Atlanta and Saint Andrews Bay Railway Co.

Rae M. Crowe, Mobile, Ala., for Ryan Stevedoring Co., Inc.

ORDER

MIDDLEBROOKS, District Judge.

This cause is before the court upon pending motion for summary judgment filed on behalf of defendant Ryan Stevedoring Company.

In this suit in admiralty brought pursuant to Title 28, United States Code, Section 1345 and Title 46, United States Code, Section 1300 et seq., the United States of America seeks to recover for damage allegedly sustained to a shipment of nonfat dry milk destined for Istanbul, Turkey, wherein plaintiff claims that 181 bags of the consigned goods were lost or misplaced after being delivered to and unloaded for shipment at Panama City, Florida.

There is no dispute as to the material facts governing disposition of the issue relative to the liability of Ryan Stevedoring Company. On March 18, 1968, plaintiff by one of its agencies shipped the goods to Panama City, Florida, by railway carrier; on April 18, 1968, the goods were tendered to Ryan for loading on board the S. S. Adabelle Lykes; on May 7, 1968, the shipment reached its port of destination. Suit for recovery of damages for loss of goods was not commenced by plaintiff in this Court until January 17, 1972.

Plaintiff in bringing this action filed an original and amended complaint and sued directly the owner of the vessel Lykes Brothers Steamship Company, Southern Steamship Agency, as agent for Lykes Brothers, Atlanta and Saint Andrews Bay Railway Company, as overland carrier, Panama City Port Authority, and Ryan Stevedoring Company. Plaintiff alleges liability of the parties in terms of joint and several liability premised on negligence in loading the goods on board the vessel S. S. Adabelle Lykes.[1]

Plaintiff has sued Ryan Stevedoring Company under the Carriage of Goods by Sea Act, Title 46, United States Code, Sections 1300 et seq. The contract of carriage provides:

"If however it shall be adjudged that any other than the owner or demise charter is carrier and/or bailee of the goods all limitations of the exonerations from liability provided by law or by the terms hereof shall be available to such other."

This latter provision in the contract of carriage is consonant with existing law that a stevedoring company, though not strictly speaking a party to the bill of lading, is liable as an agent for the carrier for its own negligence. By the same token it has been held that the stevedoring company is also entitled to claim the limitation of liability provided by the bill of lading to the furtherance of the terms of which its operations are directed. A. M. Collins & Co. v. Panama R. Co., 197 F.2d 893 (5th Cir. 1952). In this respect the stevedoring company becomes a third party beneficiary under the provisions of the bill of lading and may be sued directly as may a carrier.

Thus, it affirmatively appearing that Ryan would be entitled to claim the benefits provided by the Carriage of Goods by Sea Act, viz, Title 46, United States Code, Section 1303(6) and its one-year statute of limitations provisions and it also appearing that this suit against carrier or its agents was not commenced within one year after delivery of goods on May 7, 1968, defendant Ryan Stevedoring Company would be entitled to judgment as a matter of law. A. M. Collins & Co. v. Panama R. Co., supra; Marubeni-Iida (A), Inc. v. Toko Kaiun Kabushiki Kaisha, 327 F.Supp. 519 (S.D.Tex.1971).

1. At this point Lykes Brothers Steamship Company and Southern Steamship Agency are no longer parties to this action and plaintiff by its amended complaint is seeking recovery against defendant railroad, port authority and stevedoring company.